982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Plaintiff Appellee,
v.
Tony L. JEFFERSON, Defendant Appellant.
 No. 92-2823.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 15, 1992.
Filed: December 29, 1992.
 
 Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and BATTEY,* District Judge.
 PER CURIAM.
 
 
 1
 Tony L. Jefferson appeals his conviction of two counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1981). He argues insufficiency of the evidence as to both counts. We affirm.
 
 
 2
 When considering insufficiency of the evidence claims, we must consider the evidence in the light most favorable to the government, giving it all reasonable inferences, and we must make credibility determinations in support of the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Liebo, 923 F.2d 1308, 1311 (8th Cir. 1991). This is also true when cases are tried to the court. The question then is whether " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Brown, 763 F.2d 984, 989 (8th Cir.) (citations omitted), cert. denied, 474 U.S. 905 (1985).
 
 
 3
 Investigator Dowd and a confidential informant parked their undercover vehicle in a parking lot at the Varsity Club. An unknown individual, later identified by the informant as Jefferson, approached the passenger side of the vehicle and asked the occupants if they needed any crack. After a brief discussion, Dowd paid Jefferson $100 and took five rocks of crack cocaine. Although Dowd's report described the suspect as wearing a long coat, being approximately 5'7" in height, and weighing 150 pounds, there was evidence to contest this description. The evidence, viewed in a light most favorable to the government, however, is sufficient to support the conviction.
 
 
 4
 Detective Shirley Taylor testified that she approached Jefferson as he was using a public telephone at a gas station and told him she wanted to buy crack cocaine. Jefferson got into Taylor's car and they drove to a house. There, Jefferson confirmed the order and approached two men standing nearby in the yard. He returned to the driver's side of the vehicle and gave Taylor two rocks of cocaine in exchange for forty dollars. Taylor originally approached Jefferson because she had seen him on several earlier occasions and learned his name from an informant. Both Taylor and the informant identified Jefferson. Considering the evidence in the light most favorable to the government, we conclude that it was sufficient to support the conviction.
 
 
 5
 We affirm the conviction on both counts. See Eighth Cir. R. 47B.
 
 
 
 *
 The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation